IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK FORTNEY, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-339-SPB-RAL |
| | ) |
| LYNEAL WAINWRIGHT, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

In June of 2017, Patrick Fortney, Jr. ("Fortney") was convicted by an Erie County jury of four counts of burglary and various related offenses. After taking an unsuccessful state court appeal, Fortney commenced this action under 28 U.S.C. §2254 for habeas corpus relief.

The petition was received by the Clerk of Court on December 1, 2020 and referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation ("R&R") in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges. ECF No. 1. The District Attorney of Erie County filed a response on May 13, 2021. ECF No. 14. Fortney filed his "Traverse to the Respondent's Response to Petition for a Writ of Habeas Corpus" on August 3, 2021. ECF No. 20. The matter is now ripe for adjudication.

On August 11, 2021, Magistrate Judge Lanzillo issued an R&R recommending that the instant petition be denied and that a certificate of appealability also be denied. ECF No. 23. Judge Lanzillo identified two claims in the subject habeas petition: (1) a claim under the Fifth and Fourteenth Amendments predicated on the argument that there was insufficient evidence to support a conviction, and (2) a claim asserting violations of Pennsylvania Rule of Evidence 404(b) as well as the Fifth and Fourteenth Amendments based on the trial court's allowance of

1

prior bad act evidence. *Id.* at 4-5. As to the first claim, the Magistrate Judge opined that the claim was timely filed and properly exhausted but lacked merit because Fortney had not shown that the Pennsylvania Superior Court's decision regarding the sufficiency of the evidence was an "unreasonable application of" *Jackson v. Virginia*, 443 U.S. 307 (1979), or that it involved an unreasonable determination of the facts. *Id.* at 14. As to Fortney's second §2254 claim, Judge Lanzillo opined that the claim was not properly exhausted because Fortney had not fairly presented his arguments to the state courts in the form of an alleged federal constitutional violation. *Id.* at 14-16. Having concluded that Fortney's second claim was procedurally defaulted, Judge Lanzillo further determined that Fortney had not supplied any justification to relieve the default. *Id.* at 16-17. Finally, Judge Lanzillo opined that reasonable jurists would not find it debatable whether Fortney had failed to make a substantial showing of the denial of a constitutional right and had defaulted his second §2254 claim. Judge Lanzillo therefore recommended that no certificate of appealability issue.

The Petitioner filed Objections to the Report and Recommendation on September 27, 2021. ECF No. 27. Therein, he asserted four challenges which will be addressed *seriatim,* as follows.

(i)

Fortney first takes issue with Judge Lanzillo's determination that the second §2254 claim was procedurally defaulted -- a question that was not raised by the Respondents. Judge Lanzillo made his determination only after recognizing that

> the Court has "the authority to raise the issue of procedural default sua sponte[,]" *Evans v. Secretary Pennsylvania Dept. of Corr.*, 645 F.3d 650, 656 n.12 (3d Cir. 2011), as long as the petitioner is given fair notice and an opportunity to respond and is not prejudiced. *Id.* (citing *Szuchon v. Lehman*, 273 F.3d 299, 321 n. 13 (3d Cir. 2001)); *Sweger v. Chesney*, 294 F.3d 506, 520 n.3 (3d Cir. 2002) (courts may consider sua sponte whether procedural default bars claim). *See Day v.*

2

> *McDonough*, 547 U.S. 198, 205-10 (2006) (raising statute of limitations sua sponte); *United States v. Bendolph*, 409 F.3d155, 161-70 (3d Cir. [2005 en banc]) (same).

ECF No. 23 at 16 n.9. Judge Lanzillo explained that his R&R "gives Fortney the required notice and he has an opportunity to respond to the issue of procedural default in his objections." *Id.*

Fortney acknowledges that the Magistrate Judge's *sua sponte* consideration of the procedural default defense is "condoned under the caselaw cited in this circuit," ECF No. 27 at 2, but he nevertheless posits that the practice "is generally frowned on in most circuits and no U.S. Supreme Court case supports such a contention and improper action." *Id.* As support, he cites the Supreme Court's decision in *Gray v. Netherland*, 518 U.S. 152 (1996), wherein the Court stated, "[P]rocedural default is an affirmative defense for the Commonwealth" and "the Commonwealth would have been obligated to raise procedural default as a defense, or lose the right to assert the defense thereafter." *Id.* at 165–66. He also cites *Trest v. Cain*, 522 U.S. 87 (1997), wherein the Court confirmed that a federal court of appeals "is not 'required' to raise the issue of procedural default *sua sponte*." *See id.* at 89.

Fortney's suggestion that it is error for the Court to consider the procedural default issue *sua sponte* is without merit. While the Supreme Court has characterized procedural default as an affirmative defense that may be waived by a respondent if not argued, it does not necessarily follow that courts are precluded, as a matter of law, from raising such issues *sua sponte*. Nothing in the language of *Gray* or *Trest* compels such a conclusion and, as Fortney himself acknowledges, the U.S. Court of Appeals for the Third Circuit has expressly condoned the practice, provided that the petitioner is afforded notice and an opportunity to respond, as is the situation here. *See Evans*, 645 F.3d at 656 n.12; *Long v. Wilson*, 393 F.3d 390 403 (3d Cir. 2004) ("[R]aising procedural habeas issues furthers the interests of comity and federalism. We have stated that, because such concerns are so important, it is not exclusively up to the parties to

3

decide whether habeas procedural issues should be raised or waived.") (citations omitted); *Sweger*, 294 F.3d at 520 n.3 (courts may consider sua sponte whether procedural default bars a claim); *Szuchon*, 273 F.3d at 321 n. 13 (holding that, in the interests of comity and federalism, a court may raise procedural default sua sponte); *Dulik v. Dist. Att'y of Greene Cnty.*, No. 2:21-CV-1071, 2022 WL 974824, at *9 n.9 (W.D. Pa. Mar. 31, 2022) (observing that "this Court has discretion to raise the [procedural default] issue sua sponte") (citing *Szuchon*, supra). Whether or not other circuit courts of appeal may approve of this approach is beside the point, since this Court is obligated to adhere to the rules established by the Third Circuit Court of Appeals. *See Jakomas v. City of Pittsburgh,* 342 F. Supp. 3d 632, 647 (W.D. Pa. 2018) ("This Court is, of course, bound by the precedential decisions of the Third Circuit."); *see also, Manley v. Horsham Clinic*, CIV. A. 00-4904, 2001 WL 894230, at *4 (E.D. Pa. Aug. 9, 2001) ("In matters concerning federal law a District Court is bound only by the decisions of the Court of Appeals for the Circuit in which it sits and by the decisions of the United States Supreme Court."). Thus, this Court is not precluded from considering *do novo* the merits of the procedural default question raised in the R&R.

Turning then to the merits of the procedural default issue, Fortney contends that he fairly presented his second §2254 claim in the form of a federal constitutional violation when he cited the case of *Spencer v. State of Texas*, 385 U.S. 554 (1967), in his Petition for Allowance of Appeal to the Pennsylvania Supreme Court. This argument is unavailing, because "[r]aising [claims] for the first time in a submission that the Pennsylvania Supreme Court was not required to consider does not constitute 'fair presentation' of those claims." *Marrero v. Horn*, 505 F. App'x 174, 178 (3d Cir. 2012); *see Castille v. Peoples*, 489 U.S. 346, 351 (1989) (claims

4

presented only for allocatur review, which is granted not as a matter of right but as a matter of discretion, were not exhausted).

Alternatively, Fortney suggests that the default should be excused because his direct appeal counsel was ineffective for failing to fairly present his second habeas claim in the form of a constitutional violation. *See Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022) ("To overcome procedural default, the prisoner must demonstrate 'cause' to excuse the procedural defect and 'actual prejudice' if the federal court were to decline to hear his claim."). However, ineffective assistance of counsel can serve as a "cause" for the default of another habeas claim only if it was itself presented as an independent constitutional claim in the state court. *See Murray v. Carrier*, 477 U.S. 478 (1986) (holding that the exhaustion doctrine generally requires that an assertion of ineffectiveness-of-counsel be presented to state courts as independent claim before it may be used to establish cause for procedural default); *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). In Pennsylvania, claims of ineffectiveness of appellate counsel must be presented in an initial-review collateral proceeding under the Post Conviction Relief Act. *See Johnson v. McGinley*, No. 18-CV-02885-CMR, 2019 WL 10786021, at *8 (E.D. Pa. Nov. 29, 2019) (petitioner procedurally defaulted claim that direct appellate counsel was ineffective where such claim was not raised in PCRA motion), *report and recommendation adopted*, No. CV 18-2885, 2020 WL 5893534 (E.D. Pa. Oct. 2, 2020); *see also Commonwealth v. Mikell*, 968 A.2d 779, 781–82 (Pa. Super. Ct. 2009) (explaining that in cases where a petitioner's direct appeal rights were not entirely denied, claims of ineffective assistance of direct appellate counsel must be raised in a PCRA petition). Here, Fortney never pursued any relief at all under Pennsylvania's PCRA; consequently, he has procedurally defaulted any claim of ineffectiveness on the part of

his appellate counsel arising out of counsel's failure to pursue putative constitutional violations from the admission of "prior bad act" evidence.

Absent a showing of cause and prejudice, procedural default can only be excused upon a showing that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards*, 529 U.S. at 451; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate a fundamental miscarriage of justice, a habeas petitioner must typically demonstrate actual innocence. *Schlup v. Delo*, 513 U.S. 298, 324-26 (1995) (describing a "quintessential miscarriage of justice" claim as one that a petitioner is actually innocent of the crime). To be credible, an actual innocence claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Here, Fortney has not asserted that he is actually innocent of the crimes in question, nor has he presented new reliable evidence to support such a claim; instead, he argues only that the Commonwealth lacked sufficient evidence to prove his guilt. This assertion is insufficient to excuse the procedural default of Fortney's Fifth and Fourteenth Amendment claims arising out of the admission of "prior bad act" evidence. And insofar as Fortney's §2254 claim is predicated solely on an alleged violation of state evidentiary rules, the claim is not reviewable in these proceedings. *See* 28 U.S.C. §2254(a) (defining scope of reviewable claims); *Williams v. Rozum*, No. 3:14-CV-91-KRG-KAP, 2014 WL 12930264, at *5 (W.D. Pa. July 14, 2014), ("[I]t has always been a bedrock principle of federal habeas corpus that errors solely of state law are not remediable.") (citing *Johnson v. Rosemeyer*, 117 F.3d 104, 109-112 (3d Cir. 1997), and *Geschwendt v. Ryan*, 967 F.2d 877, 888-89 (3d Cir.) (in banc)), *report and recommendation adopted*, No. 3:14-CV-91-KRG-KAP, 2014 WL 12930263 (W.D. Pa. Nov. 13, 2014).

Finally, Fortney submits it is "odd" for the Magistrate Judge to invoke procedural default -- a defense not asserted by the Respondents -- while, at the same time, refusing to address the merits of Fortney's second §2254 claim based on appellate counsel's failure to argue that particular claim. ECF No. 27 at 4. In Fortney's view, this perceived inconsistency involves a "double standard" which is "plainly bias[ed] and unfair." *Id.* As discussed, however, there are sound reasons for a district court to consider issues of procedural default on a *sua sponte* basis -- namely, concerns about comity and federalism. *See Long v. Wilson*, 393 F.3d at 403 ("[R]aising procedural habeas issues furthers the interests of comity and federalism. We have stated that, because such concerns are so important, it is not exclusively up to the parties to decide whether habeas procedural issues should be raised or waived."). Countervailing concerns may weigh against application of the procedural default rule where the petitioner can show cause for the default and resulting prejudice or that application of the procedural default rule would result in a manifest injustice; but Fortney has not made any such showing here. Accordingly, for all the reasons set forth above, Fortney's first objection is overruled.

(ii)

Fortney next objects to the Magistrate Judge's repeated denials of his requests for appointment of counsel. According to Fortney, Judge Lanzillo improperly applied 18 U.S.C. §3006A, which allows for the appointment of counsel in extraordinary cases. This case, Petitioner insists, "clearly meets or exceeds" that standard.

Technically, Fortney's grievance of this issue is not an "objection" to the pending R&R but rather, an objection to the Judge Lanzillo's nondispositive pretrial rulings denying Fortney's various motions for appointment of an attorney. *See* ECF Nos. 5, 16, 22. As such, the appropriate standard of review is found in 28 U.S.C. §636(b)(1)(A), pertaining to pretrial matters

which magistrate judges are authorized to "hear and determine." Pursuant to §636(b)(1)(A), the undersigned may reconsider those rulings "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Under Rule 72 of the Federal Rules of Civil Procedure, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.* "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

In this case, Fortney's objections were filed on September 19, 2021, the day he signed and mailed his objections to the Erie County District Attorney. *See* ECF No. 27 at 13; *see also Pabon v. Mahonoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011) (explaining the prisoner "mailbox rule"). The most recent ruling by Judge Lanzillo denying Fortney's request for appointment of counsel was issued on August 6, 2021. ECF No. 22. Because Fortney filed his objections well beyond the 14-day period allowed under Rule 72(a), he may not "assign as error a defect" in the challenged rulings, and this Court need not entertain his objections. Fed. R. Civ. P. 72(a). Fortney's second objection is therefore overruled.

(iii)

Fortney next challenges the Magistrate Judge's determination, relative to his first §2254 claim, that the Pennsylvania Superior Court did not contradict or unreasonably apply federal constitutional law when it found that there was adequate evidence to support his four (4) burglary convictions. In particular, Fortney disputes the sufficiency of proof relative to the required element of *actual entrance* into the subject properties *with intent to steal*. He posits that these elements may not be established through circumstantial evidence alone and that, in any case, the existing circumstantial evidence does not establish his actual entrance into the subject

8

properties with intent to steal. To that end, Fortney asks this Court to review every piece of circumstantial evidence offered against him, each of which he claims to have "debunked" in his traverse. Fortney theorizes that "[a]ll the other charges in the case are predicated on the 4 burglaries so if the burglaries are not properly proven and fall, then so do[ ] the other charges." ECF No. 27 at 7.

Fortney does not dispute that *Jackson v. Virginia*, 443 U.S. 307 (1979), sets forth the clearly established federal law as it pertains to his "insufficient evidence" claim. *See Travillion v. Superintendent Rockview SCI*, 982 F.3d 896, 902 (3d Cir. 2020) (explaining that *Jackson* supplies the clearly established federal law governing an insufficient evidence claim in a habeas case where the petitioner seeks relief from a state court conviction). Under *Jackson,* "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in the original). This standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson,* 566 U.S. 650, 655 (2012) (*per curiam*) (quoting *Jackson*, 443 U.S. at 319).

Fortney also does not dispute that, in assessing his insufficiency-of-evidence claim, the Pennsylvania trial and appellate courts utilized the standard of review articulated in *Commonwealth v. Lawrence,* 960 A.2d 473 (Pa. Super. Ct. 2008), which is equivalent to the standard set forth in *Jackson. See* 960 A.2d at 477 ("When reviewing a sufficiency of the evidence claim, an appellate court must view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict winner and must determine whether the evidence was such as to enable a fact finder to find that all of the elements of the

9

offense[ ] were established beyond a reasonable doubt.") (alteration in the original) (citation omitted); *Evans v. Court of Common Pleas, Delaware Cty.*, 959 F.2d 1227, 1232 and n.6 (3d Cir. 1992) (explaining that the test for insufficiency of evidence is the same under both Pennsylvania and federal law); *see also* ECF No. 14-6 at 24 (trial court applying sufficiency-of-evidence standard set forth in *Lawrence, supra*); ECF No. 14-5 at 1-2 (adopting the trial court's analysis of the sufficiency-of-evidence claim as its own).

Instead, Fortney's objection concerns the Superior Court's application of the foregoing legal standard to the facts of his criminal case. On this point, the undersigned concurs with Magistrate Judge Lanzillo's view that the Pennsylvania Superior Court did not engage in an unreasonable application of *Jackson* or an unreasonable determination of the facts based on the evidence presented in the state court record. On the contrary, the Superior Court acknowledged Fortney's specific focus on the lack of direct evidence placing him inside the burglarized residences, but it noted the trial judge's

> careful[ ] examin[ation] [of] the direct evidence implicating [Fortney] in these crimes, namely, the fact that [Fortney's] girlfriend testified that [Fortney] gave her a diamond bracelet that was identified as stolen from one of the homes. Additionally, other stolen items were recovered from pawn shops in Ashtabula County. The receipts for these items were made out to the co-defendant's sister, who testified that both [Fortney] and co-defendant gave her those items.

ECF No. 14-5 at 2. Other facts circumstantially pointed to Fortney's involvement in the four burglaries, *to wit*: (i) the burglaries in question involved residences in close geographical proximity to one another, in rural areas near the Pennsylvania/Ohio border; (ii) all of the burglaries occurred within a 3-week period; (iii) the burglaries were all committed during the daytime on a Monday, Wednesday, or Friday, usually before 1:00 p.m. or noon; (iv) various witnesses had placed a small red sedan near the scene of several of the Pennsylvania burglaries;

(v) Fortney had access to his girlfriend's red VW Jetta during the general time frames when the Pennsylvania burglaries occurred; (vi) Fortney pled guilty to committing a similar burglary in nearby Ashtabula, Ohio, which occurred on the same day as the last Pennsylvania burglary at the Krahe residence; (vii) at the time that Fortney was apprehended in connection with the Ashtabula burglary, he was operating his girlfriend's red Volkswagon Jetta; (viii) tire tread prints recovered from the burglarized Cafardi residence were "very similar" to the tire tread prints from the red VW Jetta driven by Fortney during the Ashtabula, Ohio burglary; (ix) various eye witnesses placed one or more Caucasian males at or around the subject crime scenes; (x) one of the white males -- the driver of a red sedan -- was identified as having tattoos on his left forearm, which is generally consistent with Fortney's physical description. Fortney's entrance into the subject properties with intent to steal could reasonably be inferred from other circumstantial evidence, namely: (a) a muddy shoe print was observed on the kicked-in door of the Cafardi residence; (b) the pattern of the shoe tread at the burglarized Cafardi residence was "very similar" to the distinctive tread on Fortney's Air Jordan sneakers, which he was wearing at the time of his apprehension for the Ashtabula burglary; and (c) two witnesses identified Fortney as a source of certain items the received, which were shown to have been stolen from inside the burglarized residences. Fortney's intent to commit a crime once inside the subject residence could thus be rationally inferred from the fact that, in each of the subject burglaries, items were in fact stolen from the residence in question.

      Both the state trial court and the Pennsylvania Superior Court properly observed that every element of the burglary charges (including Fortney's entrance into the subject properties) could be lawfully established through circumstantial evidence alone. *See* ECF No. 14-6 at 24 (trial court explaining that "[t]he Commonwealth may sustain its burden of proving every

element of a crime beyond a reasonable doubt by means of wholly circumstantial evidence") (citing *Commonwealth v. Grays,* 167 A.3d 793, 806 (Pa. Super Ct. 2017)); ECF No. 14-5 at 2 (Superior Court affirming that "the Commonwealth may prove every element beyond a reasonable doubt by circumstantial evidence, and the prosecuting as verdict winner receives the benefit of all reasonable inferences drawn from the evidence"); *see also Jackson,* 443 U.S. at 324-25 (trial judge could have reasonably found that defendant acted with intent to kill based on circumstantial evidence in the record); *Fed. Power Comm'n v. Fla. Power & Light Co.*, 404 U.S. 453, 469 & n. 21 (1972) ("[E]ven in criminal cases, guilt beyond a reasonable doubt often can be established by circumstantial evidence.")  Thus, Fortney's suggestion that the elements of his crime could not lawfully have been established through circumstantial proof alone is mistaken.

To the extent Fortney attempts in this habeas proceeding to challenge every individual piece of circumstantial proof offered against him, he runs afoul of our circuit court's admonition against "imping[ing] on the jury's role as factfinder" through "fine-grained factual parsing." *Coleman,* 566 U.S. at 655; *see Riddick v. Link*, No. 3:17-CV-0740, 2020 WL 2847870, at *10 (M.D. Pa. June 2, 2020) ("*Coleman* cautioned courts that *Jackson* does not permit 'imping[ing] on the jury's role as factfinder' through 'fine-grained factual parsing.'"), *certificate of appealability denied sub nom. Riddick v. Superintendent Coal Twp. SCI*, No. 20-2252, 2021 WL 6101377 (3d Cir. Aug. 9, 2021).  Here, the Pennsylvania Superior Court appropriately considered the evidence as a whole and found it sufficient to support Fortney's conviction on each of the disputed burglaries.  In so doing, the Superior Court did not apply *Jackson* unreasonably or make an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Apart from challenging the sufficiency of the evidence offered at trial, Fortney suggests that he was improperly charged under an inapplicable statute pertaining to burglaries of hotels and motels, which he characterizes as a due process violation. This particular claim was not raised in the instant petition, but Fortney attempts to justify the omission by noting that he was incarcerated in Ohio without the benefit of a Pennsylvania law library and only learned of the charging discrepancy when the Commonwealth answered his §2254 petition. Setting aside the issue of Fortney's apparent procedural default, his perception that he was criminally charged under an inapplicable statute in violation of due process is specious. Here, the record reflects that Fortney was properly charged with, and convicted of, violating 18 Pa. C.S.A. §3502(a)(2), which applies if a person, "with the intent to commit a crime therein, . . . enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present."

Finally, Fortney contends that the Pennsylvania Superior Court conducted an insufficient review and merely rubber-stamped the trial court's ruling. In similar fashion, he objects to Magistrate Judge's analysis as too attenuated and claims that it amounts to a mere "rubberstamping of prior holdings." ECF No. 27 at 6. This argument is unpersuasive and fails to appreciate the substantial deference that must be given to the jury's verdict in Fortney's underlying criminal case. As the verdict winner, the Commonwealth was entitled to have the evidence -- and every reasonable inference arising from it -- construed in its favor. Both the trial court and the Pennsylvania Superior Court adhered to this standard in reviewing the sufficiency of the evidence. On habeas review, the AEDPA affords a presumption of correctness to any "determination of a factual issue made by a State court . . . ." 28 U.S.C. §2254(e)(1). Fortney

has failed to rebut this presumption. Accordingly, for all of the reasons discussed, his third objection lacks merit.

(iv)

Lastly, Fortney objects to the Magistrate Judge's determination that no certificate of appealability should issue in this case. The governing rule is that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Applying that standard here, jurists of reason would not find it debatable whether Fortney failed to make a substantial showing of the denial of a constitutional right relative to his first §2254 claim. In addition, jurists of reason would not find it debatable that Fortney's second §2254 claim was procedurally defaulted. Thus, the Magistrate Judge correctly concluded that no certificate of appealability should be issued as to any claim raised in this case. Fortney's fourth objection is overruled.

For the foregoing reasons, after *de novo* review of the petition and documents in the case, together with the Report and Recommendation and Petitioner's objections thereto, the following order is entered:

NOW, this 14 day of July, 2022, IT IS ORDERED that Petitioner's objections filed at ECF No. [27] are OVERRULED, and the within petition for a writ of habeas corpus shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on August 11, 2021, ECF No. [23], shall be, and hereby is, adopted as the opinion of this Court.

Because jurists of reason would not find it debatable that Petitioner failed to make a substantial showing of the denial of his federal constitutional rights and/or that he procedurally defaulted his second §2254 claim, IT IS FURTHER ORDERED that no certificate of appealability shall be issued in this case.

As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to enter the accompanying Rule 58 judgment and mark this case "CLOSED."

_Susan Paradise Baxter_
SUSAN PARADISE BAXTER
United States District Judge

cm:   Patrick Fortney, Jr.
      690-939
      Marion Correctional
      P.O. Box 57
      Marion, OH 43301
      (via U.S. Mail)

      Grant T. Miller, Esq.  (via CM/ECF)
      The Honorable Richard A. Lanzillo (via CM/ECF)

15